UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CORY EDWARD FISHERMAN,   CIVIL NO. 10-2157 (JRT/JSM)

    Plaintiff,

v.   <u>REPORT AND RECOMMENDATION</u>

MITCH BERNSTEIN, et al.,

    Defendants.

The above matter came on before the undersigned upon the defendants' Motion to for Summary Judgment [Docket No. 15], which was filed on May 1, 2011 and this Court's July 18, 2011 Order to Show Cause [Docket No. 25].

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and Local Rule 72.1(c).

**I.    PROCEDURAL BACKGROUND**

Plaintiff initiated this action on May 26, 2010.  <u>See</u> Docket No. 1.  On May 1, 2011, defendants filed their Motion for Summary Judgment along with supporting materials.  <u>See</u> Docket Nos. 15-22.  The Court's Pretrial Scheduling Order [Docket No. 11] provides in relevant part as follows:

> May 1, 2011 - All dispositive motions shall be served on the other party or their attorney, if they are represented by an attorney, and filed with the Court by this date. All dispositive motions must comply with Local Rule 7.1(b). <u>Responses to dispositive motions shall be filed with the Court and served on the opposing party or their attorney, if they are represented by an attorney, on or before 20 days following service of the original motion</u>. Replies to dispositive motions shall be served and filed 12 days following service of the response to the dispositive motion. All dispositive motions will be considered on the written pleadings without oral argument, unless the Court determines there is a specific need to hold such a hearing.  <u>If</u>

>   <u>any party fails to respond to a motion, the failure to respond will be treated as a default, and the relief requested in the motion may be granted</u>.

October 7, 2010 Order, p. 2 (emphasis added).

Pursuant to the scheduling order, plaintiff had until May 21, 2011 to file a response to defendants' motion for summary judgment. On June 17, 2011, defendants' counsel notified the Court by letter that plaintiff had not filed a response to the motion for a summary judgment, that plaintiff had been released five days after the service of defendants' motion for summary judgment, and that his status as of the date of the letter was that of a wanted fugitive.

On July 18, 2011, this Court issued an Order to Show Cause [Docket No. 25], providing that "[p]laintiff shall file a response to the defendants' Motion for Summary Judgment [Docket No. 15] on or before **July 25, 2011** [setting] forth why the defendants' motion should not be granted." (Emphasis in original). Plaintiff has not responded to defendants' Motion for Summary Judgment as of the date of this Report and Recommendation.

In addition, as of the date of this Report and Recommendation, plaintiff was listed as incarcerated by Minnesota Department of Corrections offender information in Minnesota Correctional Facility-Rush City. http://www.doc.state.mn.us/publicviewer/Inmate.asp?OID=213394.[1] This facility is different from the 971 Pickett St. N. Bayport, MN 55003 address listed in the docket. See <u>Fate v. Doe</u>, No. 07 Civ. 9256, 2008 WL 1752223 at *2 (S.D.N.Y. Apr. 16, 2008) ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a

---

[1] There is no longer any indication, as of the date of this Report and Recommendation, that plaintiff is a fugitive, as the Minnesota Department of Corrections offender information lists him as incarcerated.

current address at which he or she can be reached."); see also Passe v. City of New York, No. CV 02-6494, 2009 WL 290464 at *4 (E.D.N.Y. Jan. 5, 2009) (holding that plaintiff is responsible for failure to receive communications due to plaintiff's failure to provide the court with updated and correct contact information); Abraham v. Singh, No. Civ.A. 04-0044, 2005 WL 2036887 at *2 (E.D. La. July 27, 2005) (noting that plaintiff's inaccessibility and failure to update his address suggest a failure to prosecute his case). However, none of the Orders have been returned to the Court as being undeliverable to plaintiff.

## II. ANALYSIS

Plaintiff has not communicated with the Court for more than nine months and has not responded to the Motion Summary Judgment that has been pending since May of 2011. Based on plaintiff's failure to abide by this Court's Pretrial Scheduling Order requiring him to respond to defendants' Motion for Summary Judgment by May 21, 2011 upon threat of default, his failure to abide by the Court's July 18, 2011 Order to Show Cause requiring him to respond to defendants' motion by July 25, 2011, and his continued failure to prosecute his case since the filing of his Complaint on May 26, 2010, it is recommended that plaintiff be deemed to have abandoned this action, and that the action be dismissed, with prejudice, for failure to prosecute. See Fed. R. Civ. P. 41(b) (actions may be dismissed for failure to comply with court orders); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases."); Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984) (finding that dismissal with prejudice under Rule 41 is appropriate where there is a willful disobedience of a court order or continued or persistent failure to prosecute a complaint).

**III.     RECOMMENDATION**

For the reasons set forth above, it is recommended that:

1. Defendants' Motion to for Summary Judgment [Docket No. 15] be **GRANTED**.

2. That plaintiff's Complaint be dismissed with prejudice.

Dated:     January 4, 2012

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **January 18, 2012**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this Rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.